**Angelica Garduno ARPIN, Plaintiff–Appellant,**

v.

**SANTA CLARA VALLEY TRANSPORTATION AGENCY, a public entity; Santa Clara County Sheriff's Office, an agency of Santa Clara County; R.**

**20.** *Id.*

Stone, #1252; D. Barnes, #1150, members of the Santa Clara County Sheriff's Department, Defendants–Appellees.

No. 99–16118.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2000

Filed Aug. 20, 2001

Howard Moore, Jr., Moore and Moore, Oakland, California, for the plaintiff-appellant.

Sharon L. Hightower, Eriksen, Arbuthnot, Kilduff, Day & Lindstrom, San Jose, California; Anthony F. Pinelli, Williams, Pinelli & Cullen, San Jose, California, for the defendants-appellees.

Before: WALLACE, FISHER and RAWLINSON, Circuit Judges.

RAWLINSON, Circuit Judge:

Appellant Plaintiff Angelica Garduno Arpin ("Arpin") appeals the district court's summary judgment in favor of Santa Clara County ("County"), Santa Clara County Sheriff's Department ("Sheriff's Department"), Officer R. Stone ("Stone"), and Officer D. Barnes ("Barnes") (jointly

"County Defendants") on her claims of false arrest and imprisonment in violation of state law, excessive force in violation of the Fourth Amendment, assault and battery, and strip search in violation of the Fourth Amendment. Arpin also appeals the district court's order dismissing all Arpin's state and federal claims against Santa Clara Valley Transportation Agency ("SCVTA") and bus driver Ronald Ruiz ("Ruiz") (jointly referred to as "Transit Defendants") and two claims against County Defendants for false arrest and false imprisonment in violation of the Fourth Amendment. The appealed claims against the Transit Defendants include false arrest and imprisonment, both in violation of the Fourth Amendment and state law, assault and battery, and statutory common carrier claims. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The appeal was timely because notice of the appeal was filed within 30 days after the district court entered judgment disposing of all claims against all parties. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1402 (9th Cir.1988); Fed.R.App.P. 4(a)(1). Because the district court erred in dismissing Arpin's false arrest and imprisonment claims in violation of the Fourth Amendment against Ruiz, Stone and Barnes and Arpin's state law false arrest and imprisonment claims against the Transit Defendants, the district court order is reversed with respect to those claims. All of Arpin's other claims are without merit and we affirm the district court's orders in all other respects.

*BACKGROUND*

On May 27, 1997, Arpin filed a complaint against Defendants alleging the following claims: 1) false arrest (violation of Fourth and Fourteenth Amendments); 2) false imprisonment (violation of 42 U.S.C. § 1983); 3) excessive force; 4) failure to train; 5) race-based violence or intimidation; 6) as-

sault and battery; 7) false imprisonment; 8) false arrest; 9) breach of common carrier's duty of care; 10) violation of due process; 11) failure to prevent violation of constitutional rights (as to Defendant Barnes); and 12) unlawful strip search.

According to the allegations in the complaint, on June 25, 1996, Arpin, a 60–year–old Mexican–American woman, boarded an SCVTA bus in San Jose. When she presented her June 1996 senior/disabled bus pass, the driver, Ruiz, asked to see a picture identification card. Arpin presented a picture identification card that had expired at the end of May 1996. Arpin explained that she needed to be recertified by a doctor after which she would be issued a new picture identification. Ruiz allegedly grabbed the I.D. card and accused Arpin of cheating. Arpin took the card from Ruiz and sat down on the bus. Ruiz called the Sheriff's Department from the bus. Officers Stone and Barnes met the bus before Arpin's intended stop, accompanied by two transportation agents from SCVTA, one of whom was a supervisor.

Ruiz and Arpin got off the bus. Ruiz told Stone and Barnes that Arpin had touched him. Ruiz allegedly made a false criminal report for battery. Arpin, in her complaint, alleges no battery occurred. Stone, without Arpin's consent, allegedly snatched and searched Arpin's purse. Stone allegedly broke Arpin's eyeglasses during the search and continued to demand a picture I.D. from Arpin. Stone allegedly handcuffed Arpin, twisting Arpin's left arm behind her with enough force to lift her off the ground and break her watch band. Stone placed Arpin in the Sheriff's car and took her to Elmwood Jail, where she was held for approximately seven hours.

Female sheriff's officers strip searched Arpin. The female officers allegedly took her to a room where they ordered her to take off her clothes. They allegedly humiliated Arpin by ordering her to bend over, squat and grunt. While Arpin was being detained, sheriff's deputies allegedly harassed her on the basis of her status as a Mexican–American.

A little more than three months later, on October 2, 1996, criminal charges brought against Arpin arising out of the incident were dismissed. Subsequently, both SCVTA and the Sheriff's Department reviewed and rejected Arpin's written claim for money damages. Arpin then filed this lawsuit.

On or about September 3, 1997, SCVTA and Ruiz ("Transit Defendants") moved to dismiss all claims against them. On December 3, 1997, the district court granted the Transit Defendant's motion. At the same time, the district court dismissed Arpin's claims against County Defendants for false arrest and false imprisonment in violation of the Fourth Amendment. On or about October 13, 1998, County, Sheriff's Department, Officer Stone, and Officer Barnes (the "County Defendants") moved for summary judgment. On December 7, 1998, pursuant to a motion by the Transit Defendants, the district court dismissed with prejudice all claims against the Transit Defendants under Rule 41(b) of the Federal Rules of Civil Procedure for failing to demonstrate that Arpin could allege facts which would give rise to valid claims against the Transit Defendants.

On January 13, 1999, the district court granted summary judgment on all remaining claims except for the fourth claim against the Sheriff's Department for failure to train and the twelfth claim against the Sheriff's Department for unlawful strip search. The district court requested further briefing on those issues. On April 22, 1999, the district court granted summary judgment on all remaining claims and entered judgment in favor of defendants.

Arpin filed a Notice of Appeal on May 21, 1999, and an Amended Notice of Appeal on May 24, 1999.

## SUMMARY JUDGMENT MOTION

■ "A grant of summary judgment is reviewed *de novo*." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1220 (9th Cir.1995). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted when, viewing the facts in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact, and (2) the moving party is entitled to summary judgment as a matter of law. Once the moving party has satisfied his burden, he is entitled to summary judgment if the nonmoving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotation omitted). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy*, 68 F.3d at 1221. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy*, 68 F.3d at 1221.

## Waiver

■ In her opening brief, Arpin does not raise any arguments with respect to the district court's grant of summary judgment on the fourth claim for failure to train, the fifth claim for race-based violence or intimidation, the tenth claim for violation of due process, or the eleventh claim for failure to prevent violation of constitutional rights. In *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1110, n. 1 (9th Cir.2000) (en banc), we held that issues which are not specifically and distinctly argued and raised in a party's opening brief are waived. We reasoned that "[w]e will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim." *Id.* (internal quotation omitted). In reviewing the district court's grant of summary judgment, we will therefore only consider Arpin's third claim for excessive force, sixth claim for assault and battery, seventh claim for false imprisonment under state law, eighth claim for false arrest under state law, ninth claim for breach of common carrier's duty of care, and twelfth claim for unlawful strip search.

## State Law False Arrest and False Imprisonment Claims

■ The district court ruled that Arpin failed to produce evidence that her arrest was unlawful and without probable cause or that the subsequent detention was unduly lengthy so as to prevent the granting of summary judgment. While this conclusion by the district court was erroneous, County Defendants are nevertheless entitled to summary judgment on Arpin's state law claims of false arrest and false imprisonment. *See Jensen v. Lane County*, 222 F.3d 570, 573 (9th Cir.2000) (summary judgment may be affirmed on any ground supported in the record, including reasons not relied upon by the district court).

■ Under California law, "false arrest is not a different tort" but "is merely one way of committing a false imprisonment." *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir.1998) (citation and quotation omitted); *see also Asgari v. City of Los Angeles*, 15 Cal.4th 744, 63 Cal. Rptr.2d 842, 937 P.2d 273, 277 n. 3 (1997).

In *Asgari*, the California Supreme Court defined false imprisonment as the violation of the personal liberty of another without lawful privilege. 63 Cal.Rptr.2d 842, 937 P.2d at 281. Pursuant to Section 847 of the California Penal Code, "no cause of action shall arise against, any peace officer ..., acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest when ... [t]he arrest was lawful. ..."

■ Arpin was arrested without a warrant and charged with two misdemeanors: 1) battery against transportation personnel in violation of Cal.Penal Code § 243.3; and 2) resisting arrest in violation of Cal.Penal Code § 148. "A warrantless arrest by a peace officer for a misdemeanor is lawful only if the officer has reasonable cause to believe the misdemeanor was committed in the officer's presence." *Johanson v. Dept. of Motor Vehicles*, 36 Cal. App.4th 1209, 1216, 43 Cal.Rptr.2d 42, 46 (1995); *see also* Cal.Penal Code § 836(a). The undisputed facts filed by the parties indicate that Officers Stone and Barnes arrived after the alleged battery occurred. The officers could therefore not lawfully arrest Arpin for the battery. If the officers could not lawfully arrest Arpin for battery, the officers could also not lawfully arrest Arpin for resisting arrest. *See In Re Manuel G.*, 16 Cal.4th 805, 66 Cal. Rptr.2d 701, 941 P.2d 880, 885 (1997) (defendant cannot be convicted of an offense against a peace officer in the performance of his duties "unless the officer was acting lawfully at the time the offense against the officer was committed").

County Defendants, however, allege that Ruiz, the bus driver, made a citizen's arrest of Arpin for battery. In *Padilla v. Meese*, 184 Cal.App.3d 1022, 1030, 229 Cal. Rptr. 310, 315 (1986), the California Court of Appeal, relying on Cal.Penal Code § 837, held that a citizen may lawfully make an arrest for a misdemeanor committed in his presence and then may delegate to a law enforcement officer the act of taking the suspect into custody. In considering whether a citizen's arrest was made, the citizen need not use any "magic words" and arrest "may be implied from the citizen's act of summoning an officer, reporting the offense, and pointing out the suspect." *Johanson*, 36 Cal.App.4th at 1216–1217, 43 Cal.Rptr.2d at 47; *see also Padilla*, 184 Cal.App.3d at 1030–31, 229 Cal.Rptr. at 315–16.

■ In her complaint, Arpin alleges that Ruiz called the Sheriff's Department; that Officers Stone and Barnes arrived at the scene; Ruiz told the officers that Arpin had touched him; and Ruiz made a criminal report for battery against Arpin with Arpin present. These same facts were also reported by Ruiz and Officer Stone. Despite Arpin's unsupported claims to the contrary, the undisputed facts support the conclusion that Ruiz arrested Arpin and delegated to Officers Stone and Barnes the task of taking Arpin into custody. *See Johanson*, 36 Cal. App.4th at 1216–1217, 43 Cal.Rptr.2d at 47 (inferring citizen's arrest even though citizen stated that he did not intend to make a citizen's arrest); *see also Padilla*, 184 Cal. App.3d at 1030–31, 229 Cal.Rptr. at 315–16 (implying citizen's arrest even though citizen did not state that he wished to charge the perpetrator with the offense for which he was arrested).

■ In *Kinney v. County of Contra Costa*, 8 Cal.App.3d 761, 767–69, 87 Cal. Rptr. 638, 642–43 (1970), the California Court of Appeal held that a peace officer who accepts delivery of a person following a citizen's arrest is not liable for false arrest or false imprisonment even if the officer determines that there is no grounds for making a criminal complaint. The court reasoned that because a peace offer, pursuant to Cal.Penal Code § 142, could

be liable for a felony if he refuses to receive a person charged with a crime, the peace officer is relieved of the responsibility of adjudging whether the citizen had probable cause. *Id.* Because the undisputed facts indicate that Officers Stone and Barnes accepted delivery of Arpin after Ruiz made a citizen's arrest, the district court did not err in granting summary judgment to Stone and Barnes on the state law claims of false arrest and unlawful imprisonment. As a result, the County and the Sheriff's Department are also entitled to summary judgment on the claims of false arrest and false imprisonment. *See* Cal. Gov't Code § 815.2(b) (where the official is immune, so is his municipal employer).

*Excessive Force*

Arpin claims that Officers Stone and Barnes subjected her to excessive force in violation of the Fourth and Fourteenth Amendments. The district court found that Officers Stone and Barnes had probable cause to detain Arpin. The district court further found that Arpin did not specifically deny the officers' report that she failed to cooperate and stiffened her arm when being handcuffed, which caused the officers to use additional force. On that basis, the district court granted summary judgment on Arpin's excessive force claim.

 A claim against law enforcement officers for excessive force is analyzed under the Fourth Amendment's "objective reasonableness" standard. *See Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396, 109 S.Ct. 1865 (quotation omitted). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the $20/20$ vision of hindsight." *Id.* (*citing Terry v. Ohio,* 392 U.S. 1, 20–22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). An excessive force analysis requires evaluating "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The absence of probable cause does not grant an individual the right to offer resistance. *See United States v. Span,* 970 F.2d 573, 580 (9th Cir.1992). An individual's limited right to offer reasonable resistance is only triggered by an officer's bad faith or provocative conduct. *Id.*

 In an Incident Report he prepared, Officer Stone stated that Arpin refused to cooperate and provide her Transit Identification when requested. Officer Stone warned Arpin that she would be arrested if she did not cooperate.[1] After Arpin refused to hand over her purse upon Officer Stone's request, Officer Stone grabbed Arpin's right hand and attempted to handcuff Arpin. Arpin stiffened her arm and attempted to pull free. In response, Officer Stone used physical force to handcuff Arpin. Stone then indicated that Arpin was handcuffed without injury. Under the circumstances described by Officer Stone, his use of force was reasonable. *See Forrester v. City of San Diego,* 25 F.3d 804, 806–07 (9th Cir.1994) (finding the use of pain compliance techniques on nonresisting abortion protestors, that resulted in complaints of bruises, a pinched

1. Notwithstanding Officer Stone's statement to the contrary, Arpin was, at this point, under arrest as a matter of law as a result of the citizen's arrest made by Ruiz.

nerve and a broken wrist, was objectively reasonable); *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082-83 (8th Cir. 1990) (determining resistance justified use of force in handcuffing suspect where force was not sufficient to create evidence of injury).

■ Arpin does not set forth any specific facts disputing Officer Stone's version of events. Aside from Arpin's conclusory statement that she "did not resist arrest in any way," Arpin does not refute Officer Stone's report that she stiffened her arm and attempted to pull it away, which was impermissible regardless of whether Officer Stone had probable cause to arrest her. Arpin's conclusory allegations unsupported by factual data are insufficient to defeat the County Defendants' summary judgment motion. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Arpin's claim of injury is equally unsupported as she does not provide any medical records to support her claim that she suffered injury as a result of being handcuffed. *See Foster*, 914 F.2d at 1082 (concluding allegations of injury without medical records or other evidence of injury insufficient to establish excessive force). Because Arpin failed to meet her burden of proof of providing specific facts to show that the force used was unreasonable or that she sustained actual injuries, the district court did not err in granting summary judgment to the County Defendants on Arpin's claim of unreasonable force.

*Assault and Battery*

■ Arpin's state law assault and battery claims fail for the same reason her federal excessive force claim failed. Under California law, Arpin's claim for battery against the County Defendants cannot be established unless Arpin proves that Officer Stone or Barnes used unreasonable force against her to make a lawful arrest or detention. *See Saman v. Robbins*, 173

F.3d 1150, 1156-57, fn. 6 (9th Cir.1999). Arpin also cannot sustain her claim of battery unless she proves the unreasonable force caused her injury, damages, loss or harm. *Cf. Lyons v. Williams*, 91 F.3d 1308, 1311 (9th Cir.1996). As previously set forth, Arpin cannot show that Stone or Barnes used unreasonable force or that such unreasonable force caused injury, damage, loss or harm. Therefore, the district court properly granted judgment on Arpin's assault and battery claim.

*Strip Search*

■ Arpin correctly asserts that strip searches of persons arrested for minor offenses are prohibited by the Fourth Amendment, unless reasonable suspicion exists that the arrestee is carrying or concealing contraband or suffering from a communicable disease. *See Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir.1988). Arpin, however, does not allege that Stone or Barnes conducted, authorized, or knew about the strip search. Rather, Arpin alleges that the strip search was conducted by two unnamed female officers. Officers Stone and Barnes are therefore not liable for any constitutional injury to Arpin that may have resulted from the strip search. *See Meehan v. County of Los Angeles*, 856 F.2d 102, 106 (9th Cir.1988) (holding absent evidence that deputy sheriff conducted, instructed, authorized or even knew about events constituting unlawful search, deputy sheriff was not liable for constitutional violations that may have resulted from the search).

■ Arpin argues that the County and the Sheriff's Department are liable for the strip search because the strip search was conducted pursuant to county policy. However, the applicable county policy would not have allowed a strip search of Arpin. Paragraph III. F of the Policy

Manual for the Department of Corrections for Santa Clara County provides as follows:

> Upon initial intake, strip searches of persons newly arrested for misdemeanors shall only be conducted when the arresting officer deems a strip search necessary, and only in those articulable cases where the possession of contraband is suspected.

■ Arpin provides no evidence that the aforementioned policy was not actually the policy of the County or the Sheriff's Department. Instead, Arpin attempts to create a factual dispute by citing to arguments of Defendants' counsel that, because Arpin was arrested for two misdemeanor crimes associated with violence, officers acted reasonably and in conformance with county policy. *See Thompson v. City of Los Angeles,* 885 F.2d 1439, 1446–47 (9th Cir.1989) (permitting strip search for misdemeanor sufficiently associated with violence). The alternative arguments of counsel, however, "are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment." *Estrella v. Brandt,* 682 F.2d 814, 819–20 (9th Cir.1982). Because Arpin did not raise any triable issues of fact that the strip search was conducted pursuant to the County's or Sheriff Department's custom, pattern or practice, the district court properly entered summary judgment for the County Defendants. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## MOTION TO DISMISS

This Court reviews *de novo* a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). *See National Ass'n for the Advancement of Psychoanalysis v. California Bd. of Psychology,* 228 F.3d 1043, 1049 (9th Cir.2000). This Court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving par-

ty." *Id.* (internal quotation omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.* (internal quotation omitted). "A dismissal for failure to state a claim is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir. 1994) (internal quotation omitted).

### Timeliness of Appeal

■ Transit Defendants assert that the order dismissing Arpin's action against them was a final appealable order on December 7, 1998 and therefore Arpin was required to file a notice of appeal of that order no later than February 8, 1999. Transit Defendants argue that because Arpin's notice of appeal was not filed until May 21, 1999, Arpin's appeal of the dismissal order is untimely.

In *Ethridge,* we held that a motion to dismiss does not become a final appealable order within the meaning of 28 U.S.C. § 1291, until a district court order disposes of all claims against all parties or a Rule 54(b) certification has been obtained. 861 F.2d at 1402. The claims against the County Defendants were not resolved until the district court entered judgment on April 22, 1999. No Rule 54(b) certificate was ever issued in this case. Arpin's appeal of the district court's order was therefore timely filed on May 21, 1999. *See* Fed. R.App. P. 4(a).

### Federal False Arrest and False Imprisonment Claims

Arpin, in her complaint, alleged that Defendants Ruiz, Stone, and Barnes violated her Fourth Amendment rights by falsely arresting and imprisoning her. Arpin also alleged that she brought this action pursuant to 42 U.S.C. § 1983. The district court dismissed Arpin's Fourth Amend-

ment claims for false arrest and false imprisonment against all Defendants.

■■■■ Unlike the "state actor" standard of the Fourteenth Amendment or the "color of law" standard of section 1983, "the fourth amendment cannot be triggered simply because a person is acting on behalf of the government." *United States v. Attson,* 900 F.2d 1427, 1429, 1434 (9th Cir.1990). "[T]he fourth amendment will only apply to government conduct that can reasonably be characterized as a 'search' or a 'seizure.'" *Id.* at 1429. Thus, for the conduct of a non-law enforcement governmental party, such as Ruiz, to be subject to the Fourth Amendment, Arpin must show that Ruiz acted "with the intent to assist the government in its investigatory or administrative purposes, and not for an independent purpose." *Id.* at 1433. If Arpin shows that Ruiz's conduct is subject to the Fourth Amendment, Ruiz violated Arpin's Fourth Amendment rights if, under the circumstances apparent at the time, Ruiz unreasonably caused the restriction of Arpin's liberty. *See Wallace by Wallace v. Batavia School Dist.,* 68 F.3d 1010, 1014 (7th Cir.1995) (reasoning that non-law enforcement government actor violates the Fourth Amendment only when the restriction of liberty is unreasonable under the circumstances then existing and apparent).

■■■■ Arpin alleged sufficient facts in the complaint to state a claim that Ruiz was both subject to the Fourth Amendment and that he violated Arpin's Fourth Amendment right. Arpin's complaint alleges that Ruiz was a bus driver for the SCVTA, a county agency, and was driving his bus when the relevant events occurred. The complaint also alleges Arpin and Ruiz engaged in a dispute as to whether Arpin had proper identification to ride the bus as a disabled senior. After the dispute, Ruiz summoned officers from the Sheriff's Department and another SCVTA employee.

Upon their arrival, Arpin alleges Ruiz made a false criminal report that Arpin had battered Ruiz. Arpin was then taken into custody by Officers Stone and Barnes.

From these facts, one could permissibly infer that Ruiz summoned the police and a SCVTA supervisor, not for an independent purpose, but as a governmental employee acting with the intent to assist the SCVTA and County in administering their policy of preventing Arpin from riding the bus without proper identification. *See Monteiro v. Tempe Union High Sch. Dist.,* 158 F.3d 1022, 1026 (9th Cir.1998) (recognizing that intent in section 1983 claim is sufficiently pled by alleging facts susceptible of an inference of intent). Arpin's complaint, therefore, states a claim that Ruiz, acting on behalf of the government, reported the battery to maliciously punish Arpin for violating government policy and to provide a means whereby the police would take her into custody. Ruiz's conduct would therefore be governed by the Fourth Amendment. If the battery report was false, as Arpin alleges, Ruiz unreasonably caused the police to take Arpin into custody in violation of Arpin's Fourth Amendment right to be free from unreasonable seizure of her person.

■■■■ The complaint also adequately states a claim against Officers Stone and Barnes for violation of Arpin's Fourth Amendment right to be free from unlawful seizure of her person. In *Allen v. City of Portland,* 73 F.3d 232, 236 (9th Cir.1995), we held that "in order to satisfy the requirements of the Fourth Amendment," a warrantless misdemeanor arrest "must be supported by probable cause to believe that the arrestee has committed a crime." "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing

an offense." *Id.* at 237 (quotation and citation omitted). In establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses. *See Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1444 (9th Cir.1991).

■ Arpin alleges in her complaint that Officer Stone refused to identify himself, would not inform her of the reason she was being arrested, and did not allow Arpin to explain her side of the story prior to arresting her. These facts raise an inference that Officers Stone and Barnes arrested Arpin based on Ruiz's unexamined charge. If Officers Stone and Barnes did not independently investigate Ruiz's claim of battery, they did not have probable cause to arrest Arpin. While evidence outside the complaint indicates that Officers Stone and Barnes interviewed additional witnesses, such extraneous evidence should not be considered in ruling on a motion to dismiss. *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994) (excluding material outside the pleadings from consideration on a Rule 12(b)(6) motion to dismiss).

■ The complaint, however, does not state a claim against the SCVTA, the Sheriff's Department or the County for violation of Arpin's Fourth Amendment rights. This Court has held that a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983. *See Azul–Pacifico Inc. v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir.1992). A local governmental entity may be sued under section 1983 where the alleged constitutional deprivation was inflicted pursuant to an official policy or custom. *See Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018. Even if the complaint contains "nothing

more than a bare allegation that the individual [officer's] conduct conformed to official policy, custom, or practice," dismissal of a 1983 complaint alleging municipal liability is improper. *See Karim–Panahi,* 839 F.2d at 624 (internal quotation omitted).

Arpin's complaint does not even contain the bare allegation that her arrest was pursuant to official policy, conduct or practice of the SCVTA, the Sheriff's Department or the County. Arpin does allege that her strip-search was conducted pursuant to Sheriff's Department policies, but makes no similar allegation with respect to her arrest. The district court, therefore, properly dismissed any Fourth Amendment claim for unlawful arrest and imprisonment Arpin may have had against the SCVTA, Sheriff's Department, or the County.

*State Law False Arrest and False Imprisonment Claims*

■ Arpin adequately alleges a state law claim against Ruiz for false arrest or false imprisonment. In *Harden v. San Francisco Bay Area Rapid Transit Dist.,* 215 Cal.App.3d 7, 16 n. 5, 263 Cal.Rptr. 549, 555 n. 5 (1989), the California Court of Appeal held that a person who accuses another of a crime is liable for false imprisonment if the accuser knowingly makes false statements to the police with the intent to induce an arrest; and for the purpose of imposing confinement upon the accused or with knowledge that confinement will, to a substantial certainty, result from the accusation. The complaint alleges that Ruiz made a false statement to the police. Based on the dispute between Arpin and Ruiz, an inference is raised that Ruiz summoned the police to confine Arpin. Arpin therefore sufficiently states a claim against Ruiz for false imprisonment.

■ Arpin's complaint also sufficiently states a claim for false imprisonment

against the SCVTA under the doctrine of respondeat superior. *See Robinson v. Solano County*, 218 F.3d 1030, 1037–38 (9th Cir.2000) (recognizing that California public employers can be liable under the doctrine of respondeat superior for employees' acts of false imprisonment); *Scannell v. County of Riverside*, 152 Cal.App.3d 596, 605, 199 Cal.Rptr. 644, 648 (1984) (noting that a California public employer is responsible for the tort of false imprisonment based on the conduct of an employee acting within the course and scope of his employment). Arpin's complaint alleges that Ruiz was working as a bus driver for the SCVTA at the time Arpin was placed under false arrest, indicating that Ruiz was in the course of his employment. Ruiz was also at least in part motivated to serve the SCVTA, as Arpin's complaint alleges that the false arrest resulted from Arpin and Ruiz's dispute as to whether Arpin had proper identification to ride the bus as a disabled senior. Allegations in Arpin's complaint that "each Defendant was acting as the agent of each other," and that "Defendants," which includes the SCVTA, falsely arrested and imprisoned Arpin are also consistent with a theory that the SCVTA is vicariously liable under a theory of respondeat superior. Even though Arpin did not specifically state she was basing her claim against the SCVTA on the doctrine of "respondeat superior," under the federal liberal pleading standards, Arpin's allegations establish a sufficient basis to assert a claim that the SCVTA is liable under that doctrine. *See Pelletier v. Fed. Home Bank of San Francisco*, 968 F.2d 865, 876–77 (9th Cir.1992)(noting that under California law, respondeat superior liability does not depend on whether employee's act was authorized but whether the act was committed in the course of carrying out the employer's business, with at least a partial intent to serve the employer); *see also AlliedSignal, Inc. v. City of Phoe-*

*nix*, 182 F.3d 692, 696 (9th Cir.1999)(pleading under liberal standards set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that the averments of the complaint sufficiently establish a basis for judgment); *Simons v. County of Kern*, 234 Cal.App.2d 362, 364, 366–67, 369–70, 44 Cal.Rptr. 338, 339–41, 343 (1965)(recognizing that liberal pleading requirements do not mandate the actual use of the phrase "respondeat superior" to state a vicarious liability claim). The district court therefore erred in dismissing Arpin's state law claim of false imprisonment against the Transit Defendants.

*State Law Assault and Battery*

■ Arpin's state law claim of assault and battery against the Transit Defendants is without merit. Arpin's complaint does not allege that Ruiz subjected Arpin to any offensive or harmful contact or that Arpin feared harmful or offensive contact from Ruiz. The only harmful contact Arpin alleged in her complaint is Officers Stone and Barnes' use of excessive force when arresting her.

In *Ayer v. Robinson*, 163 Cal.App.2d 424, 329 P.2d 546, 549 (1958), the California Court of Appeal held that a "party injured by an unjustified assault may recover damages not only from the actual assailant, but from any other person who aids, abets, counsels or encourages the assault." While Ruiz's call and subsequent report may have brought about the officers' interaction with Arpin, Arpin has not alleged that Ruiz aided, abetted, counseled or encouraged Officers Stone and Barnes to assault her.

*Common Carrier Claims*

■ The district did not err in dismissing the common carrier claims. Arpin failed to state a claim for breach of common carrier's duty of care under Cal. Civ.

Code § 2100 because any physical injury allegedly sustained by Arpin occurred after she voluntarily followed Ruiz off the bus. *See MacLean v. City and County of San Francisco,* 127 Cal.App.2d 263, 273 P.2d 698, 703–04 (1954) (high degree of care required by a carrier toward a passenger ends when the passenger safely alights from the bus). The district court declined to exercise supplemental jurisdiction over Arpin's claim under section 2103 because it raised an issue of first impression as to how that provision is to be applied. Arpin does not dispute this finding and therefore the district court did not abuse its discretion. *See San Pedro Hotel Co., Inc. v. City of Los Angeles,* 159 F.3d 470, 478 n. 12 (9th Cir.1998) (under 28 U.S.C. § 1367(c)(1), a district court may decline supplemental jurisdiction over novel pendent state law claims).

*CONCLUSION*

For the foregoing reasons, we **REVERSE** the district court's order granting Transit Defendant's motion to dismiss with respect to Arpin's false arrest and imprisonment claims in violation of the Fourth Amendment against Ruiz, Stone, and Barnes and Arpin's state law false arrest and imprisonment claims against Ruiz and the SCVTA. In all other respects, the district court's order granting Transit Defendant's motion to dismiss is **AFFIRMED.** The district court's grant of summary judgment is also **AFFIRMED.** Each party shall bear its own fees and costs.