David Bryan PIRENTE, Plaintiff—
Appellant,

v.

GAB ROBINS NORTH AMERICA,
INC., a Delaware corporation; The
Church of Jesus Christ of Latter–Day
Saints, a Utah corporation; Corpora-
tion of the President of the Church of
Jesus Christ of Latter–Day Saints, a
Utah corporation; Corporation of the
Presiding Bishop of the Church of
Jesus Christ of Latter–Day Saints, a
Utah corporation; Bryan Davis, Esq.,
individually, Defendants—Appellees.

No. 00–35856.
D.C. No. CV–98–00341–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2002.*

Decided May 17, 2002.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before RYMER, McKEOWN and GOULD, Circuit Judges.

MEMORANDUM**

David Bryan Pirente ("Pirente") was employed as a custodian by The Church of Jesus Christ of Latter Day Saints ("LDS"). After he failed to recover as anticipated from an on-the-job injury for which he had filed a workers' compensation claim, his self-insured employer, LDS, and LDS' claims adjuster, GAB Robins North America ("GAB"), began to suspect insurance fraud. GAB reported its suspicions to the state attorney general's office. Criminal charges were filed by the attorney general, and later dismissed. After the criminal charges were made, LDS suspended Pirente during the course of the criminal proceedings.

Pirente asserts numerous claims based on LDS' and GAB's alleged treatment of him after they began to suspect insurance fraud. The district court granted summary judgment to defendants on all of Pirente's claims. As explained below, we affirm the grant of summary judgment on all claims except for his state statutory wage claim. On that claim, we reverse and remand.

## I. *Pirente's Breach of Contract Claim Against LDS.*

■ We affirm summary judgment on Pirente's breach of contract claim against LDS because Pirente has not raised a genuine issue of material fact on the existence of an employment contract under which he could only be terminated for cause. *See Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 922 (9th Cir.2001) ("[C]onclusory allegations unsupported by factual data are insufficient" to create a genuine issue of material fact.). Absent material evidence to the contrary, employment relationships in Idaho are presumed to be terminable at will by either party. *Mitchell v. Zilog, Inc.,* 125 Idaho 709, 874 P.2d 520, 523 (Idaho 1994). Pirente's evidence was not adequate to rebut that presumption.

## II. *Pirente's Claim for Discharge in Violation of Public Policy.*

Pirente claims that LDS terminated him for filing a workers' compensation claim, an act that would violate Idaho's public policy. *See, e.g., Sorensen v. Comm Tek, Inc.,* 118 Idaho 664, 799 P.2d 70, 74 (Idaho 1990). We affirm summary judgment dismissing this claim for the reasons stated by the magistrate judge in his report and recommendation, and adopted by the district court. Pirente was terminated because he could not do the work.

## III. *Pirente's Claims for Violation of the Implied Covenant of Good Faith and Fair Dealing.*

■ Pirente makes claims against both GAB and LDS for violation of the implied covenant of good faith and fair dealing. *See Mitchell,* 874 P.2d at 526. We affirm the summary judgment in favor of GAB for the reasons stated by the magistrate judge and adopted by the district court. As for the claim against LDS, we affirm because Pirente has failed to raise a genuine issue of material fact to support his claim that LDS took "[a]ny action ... which violate[d], nullifie[d] or significantly impair[ed] any benefit of the employment contract ...." *Sorensen,* 799 P.2d at 75 (citations and internal quotation marks omitted).

## IV. *Pirente's Claim Against LDS for Negligent Supervision.*

■ Pirente claims that he was injured by LDS' negligent supervision of its management-level employees. The injuries he

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

alleges include lost salary, medical expenses, and severe emotional distress. In Idaho, the tort of negligent supervision requires some physical injury beyond severe emotional distress. *See Rausch v. Pocatello Lumber Co., Inc.*, 135 Idaho 80, 14 P.3d 1074, 1080 & 1080 n. 1 (Idaho Ct.App.2000) (citing Restatement (Second) of Torts § 317 (1965)). Because Pirente has failed to provide material evidence of physical injury, a necessary element, summary judgment was properly granted on his negligent supervision claim.

### V. *Pirente's Defamation Claims against LDS and GAB.*

■ We affirm the district court's rejection of Pirente's defamation claims. Almost all of defendants' statements cannot form a basis for liability because they: 1) were subject to a statutory privilege, Idaho Code § 41–292(5)(a); 2) were subject to the judicial privilege, *Richeson v. Kessler*, 73 Idaho 548, 255 P.2d 707, 708–09 (Idaho 1953); 3) were true, *Baker v. Burlington Northern, Inc.*, 99 Idaho 688, 587 P.2d 829, 831 (Idaho 1978); or 4) were statements of opinion, *Wiemer v. Rankin*, 117 Idaho 566, 790 P.2d 347, 352 (Idaho 1990). A remaining statement was made by LDS employee Anna Ashcraft to Glenn Walker, a temporary employer of Pirente, regarding Pirente's workers' compensation claim. However, the description of Ashcraft's statements in Walker's affidavit is conclusory and does not enable us to conclude that Pirente has raised a genuine issue of material fact on whether Ashcraft's statements were defamatory and non-privileged. *See Arpin*, 261 F.3d at 922. We affirm summary judgment in favor of defendants on Pirente's defamation claims.

### V. *Pirente's Negligent and Intentional Infliction of Emotional Distress Claims.*

Pirente alleges that LDS, GAB, and Bryan Davis, an employee of LDS, are liable for both negligent and intentional infliction of emotional distress. We reject those claims for the reasons stated by the magistrate judge and adopted by the district court.

### VI. *Pirente's Claim against GAB for Malicious Interference with his Employment Contract.*

■ The district court concluded that Pirente's claim against GAB for malicious interference with his employment contract could only be litigated before Idaho's Industrial Commission. Idaho Code §§ 72–707, 72–201. This "malicious interference" claim is far-fetched, because GAB was retained as an adjuster with duties to evaluate employees' insurance claims against LDS. Whether such a claim may only be brought before the Industrial Commission, as the district court held, is not yet settled under Idaho law. *See Walters v. Industrial Indemnity Co. of Idaho*, 127 Idaho 933, 908 P.2d 1240, 1242 (Idaho 1996) (discussing the standard to determine what claims may only be brought before the Industrial Commission). However, even were we to reject the rationale of the district court on this issue, Pirente's claim necessarily fails on the merits because he cannot show that LDS breached its contract with him. *See Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 824 P.2d 841, 858 (Idaho 1991).

### VII. *Pirente's Malicious Prosecution Claim Against LDS and GAB.*

■ We affirm summary judgment in favor of both defendants on this claim because Pirente has not raised a genuine issue of material of fact on the element of want of probable cause for the criminal charge. *Herrold v. Idaho State School for the Deaf and Blind*, 112 Idaho 410, 732

P.2d 379, 381 (Idaho Ct.App.1987) ("Probable cause has been defined as information that would lead a man of ordinary care and prudence to believe or entertain an honest and strong suspicion that a person is guilty."). Pirente has not shown that adjuster GAB or his employer LDS acted without probable cause for a criminal referral, which in turn was independently evaluated by the state attorney general.

## VIII. *The Court's Unwillingness to Evaluate Pirente's Expert Witness Evidence in Its Summary Judgment Decision.*

■ We reject Pirente's claim that the district court erred in not evaluating the deposition testimony of his expert witness, Wayne Soward, in its decision to grant summary judgment. The district court properly rejected the evidence because it was not presented in a timely manner to the magistrate judge. *See, e.g., Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 920–21 (9th Cir.1996) (citing Fed.R.Civ.P. 56(f)). There was no abuse of discretion in holding Pirente to the established rules.

## IX. *Pirente's Statutory Wage Claim.*

■ Pirente argues that LDS promised that he would be paid wages for the period during which he was suspended if the criminal charges were resolved in his favor.[1] He argues that, because the criminal charges were resolved in his favor and he was not timely paid, he is entitled to both payment of wages and the payment of a penalty for LDS' failure to timely pay him wages under Idaho law.

Although LDS does not dispute that it originally promised Pirente wages for the suspension period, LDS argues that it is not now required to pay him wages for that period, that company policy does not support such payment, and that it does not owe him any penalty.

■ The record here in resolution of these claims is not entirely clear. The magistrate judge explicitly addressed only the penalty issue and held that, because LDS tendered payment of wages to Pirente before officially terminating him (a tender which Pirente rejected because he believed it to be the wrong amount), LDS does not owe him any penalty. We agree with the reasoning of the magistrate judge, adopted by the district court, in rejecting any penalty.

However, neither the magistrate judge nor the district court explicitly addressed whether wages were due and unpaid for the suspension period. There are issues of fact and law affecting whether back wages may still be due, which were not resolved by the district court. For this reason, the unqualified summary judgment was improper on Pirente's wage claim.

Idaho Code section 45–606(1) requires payment of wages within ten days or at the next scheduled pay day "[u]pon layoff, or upon termination of employment by either the employer or employee."[2] Idaho Code section 45–607 imposes a penalty on the employer when wages are not paid in a

---

1. Pirente was suspended from January 15, 1997 through May 15, 1997.

2. Section 45–606(1) provides:
   (1) Upon layoff, or upon termination of employment by either the employer or employee, the employer shall pay or make available at the usual place of payment all wages then due the employee by the earlier of the next regularly scheduled payday or within ten (10) days of such layoff or termination, weekends and holidays excluded. However, if the employee makes written request upon the employer for earlier payment of wages, all wages then due the employee shall be paid within forty-eight (48) hours of the receipt of such request, weekends and holidays excluded.
   Idaho Code § 45–606(1).

timely manner in compliance with section 45–606.[3]

Although Pirente rejected LDS' March 6, 1998 tender, an employee's refusal to accept a valid tender of wages does not vitiate the employee's right to wages under Idaho law. *Lindsey v. McCatron*, 78 Idaho 211, 299 P.2d 496, 500 (Idaho 1956).[4] Even if LDS was not required, under Idaho Code section 45–606, to make the tender when Pirente was still its employee, LDS was required to pay any back wages due after it terminated him. The record before us suggests that the district court did not expressly determine whether Pirente is entitled to back wages for the period of his suspension. Pirente's claim for a penalty fails because LDS made a timely tender of wages,[5] and such a tender stops the running of the penalty provisions of Idaho Code section 45–607. *Lindsey*, 299 P.2d at 500. But rejection of the tender has not decided the issue whether back wages are due and that issue was not directly addressed by the magistrate judge or district court.

We reverse and remand on Pirente's statutory wage claim for the purpose of allowing the district court to assess whether, apart from penalties that have been rejected, any back wages remain due to Pirente and if so in what amount. We affirm the summary judgment dismissal of all other claims. Each party shall bear its own costs on appeal.

AFFIRMED in part and REVERSED in part and REMANDED.

---

3. Section 45–607 provides:
   Whenever an employer fails to pay all wages then due an employee at the times due under section 45–606, Idaho Code, then the employee's wages shall continue at the same rate as if services had been rendered in the manner as last employed until paid in full or for fifteen (15) days, whichever is less. However, in no event can the maximum penalty exceed seven hundred fifty dollars ($750), and if the full amount of the wages are paid prior to the filing of a lien pursuant to section 45–620, Idaho Code, the maximum penalty shall not exceed five hundred dollars ($500).
   Any employee who secretes or absents himself to avoid payment, or refuses to receive payment when made available as provided for in section 45–606, Idaho Code, shall not be entitled to any penalty under this chapter.
   Idaho Code § 45–607.

4. Moreover, although Pirente was still technically an employee of LDS when the tender was made, neither party disputes that Pirente has since been terminated. Pirente was officially terminated on April 17, 1998.

5. Although Pirente argues that he was constructively laid off almost a year before the tender and that it, therefore, was not timely, we reject that argument for the reasons stated by the magistrate judge and adopted by the district court.