**Odelia BRAUN, M.D., Plaintiff—Appellant,**

**v.**

**SAN MATEO COUNTY; San Mateo Department of Public Health; Barbara Pletz, Administrator & Director of the San Mateo Emergency Medical Services Agency, Defendants—Appellees.**

No. 01–16979.

D.C. No. CV–99–04826–TEH(EMC).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Oct. 3, 2002.

Before KOZINSKI and KLEINFELD, Circuit Judges, and BEISTLINE,* District Judge.

### MEMORANDUM**

■ 1. The district court did not err in granting defendant San Mateo County's motion for summary judgment on the ground that the Emergency Medical Services (EMS) director is not a salaried employee, but an independent contractor. Not only was the job advertised as such, but past and current directors also submitted affidavits confirming that the director is invariably retained as an independent contractor who enjoys substantial independence and control over his work, and who is not even part of the administrative organization of the EMS agency. There are no set hours or place of employment. No employment benefits are provided. The director does not receive a fixed salary but submits invoices for work rendered, which consists of highly skilled professional services requiring a medical degree and long experience in emergency medicine. *See Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 & n. 5 (9th Cir.1980); *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal.3d 341, 349–55, 256 Cal. Rptr. 543, 769 P.2d 399 (1989).

Braun's general assertion that the director is an "integral part" of the system and her argument about how other counties fit EMS directors into their bureaucracies are insufficient to raise a genuine issue of material fact about the relationship between San Mateo County and its EMS director. Because the parties agree that Title VII and California discrimination law only cover employment relationships, we need not reach Braun's remaining arguments to uphold summary judgment in favor of San Mateo County.

■ 2. The district court did not err in granting defendant Pletz's motion for summary judgment on Braun's 42 U.S.C. § 1983 retaliation claim. Even viewing the evidence in the light most favorable to Braun, we conclude that the evidence—showing only that Pletz and Callaham maintained an unremarkable professional relationship and that Pletz might have been generally aware of litigation activities involving both Braun and Callaham years ago—was insufficient to raise an inference of a causal link between Braun's prior discrimination lawsuit against the City and County of San Francisco and San Mateo County's decision to select another candidate as EMS director three years later. *See EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1514 (9th Cir.1989). Braun therefore failed to establish the elements of her prima facie case. *Id.* at 1513–14.

**AFFIRMED.**

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.